**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

ADAM TORREZ

## DEFENDANTS

MICHAEL MARTEL, Warden

**(b)** County of Residence of First Listed Plaintiff   AMADOR COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

JOHN A. W. HALLEY
620 JEFFERSON AVENUE
REDWOOD CITY, CA 94063
(650) 366-6789

Attorneys (If Known)

CALIFORNIA ATTORNEY GENERAL
455 GOLDEN GATE AVENUE, # 11000
SAN FRANCISCO, CA 94102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

|   | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☒ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

|   | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

Transferred from

Appeal to District

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 USC 2454

Brief description of cause:
STATE PRISIONER HABEAS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
MARCH 6, 2008

SIGNATURE OF ATTORNEY OF RECORD



1  LAW OFFICE OF JOHN HALLEY
   John A. W. Halley, SBN 111682
2  620 Jefferson Avenue
3  Redwood City, CA 94063
   Tel: (650) 366-6789
4  Fax: (650) 365-5386
                              E-filing
5  Attorney for Petitioner

6

7                   UNITED STATES DISTRICT COURT                    TEH
                    NORTHERN DISTRICT OF CALIFORNIA
8

9
                              CV  08 Case No. 1309
10  ADAM TORREZ,
                     Petitioner
11

12          v.                              PETITION FOR WRIT OF
                                            HABEAS CORPUS
13
    MICHAEL MARTEL, Warden,
14  California State Prison- Mule Creek
15  California Department of Corrections
                                        /
16

17                              **CUSTODY**

18  1.     Petitioner Adam Torrez is in custody of Respondent Michael Martel, Warden of Kern

19  Valley State Prison, an institution of the California Department of Corrections. Petitioner

20  is in this custody pursuant to the judgement in *People v. Torrez* Santa Clara Superior Court

21  No. SC50759 and SC48970A .

22                        **State Court Proceedings**

23  2.     Petitioner was tried on a consolidated pleading that charged sexual offenses against

24  two victims, Angelina G. and Carlos A.  Five offenses were charged regarding Angelina

25  and 32 offenses regarding Carlos. [CT 45 (Angelina information, filed 9/3/97); CT 248

26  (Carlos A. indictment, filed March 4, 1998); CT 95 (Consolidated Inf. & Indct, filed

27  3/25/98); CT 277-280 RT 3/25/98, pg. 1-3 (motion to amend and order granting same).]

28

                                        1

1   The pleading was orally amended during trial to add a life sentence allegation under Penal

2   Code ' 667.61(b). [RT Volume VI, 5/25/99, pg. 506:8-16; CT 383.]

3   3.      A court trial before the Hon. Marylin Zecher  resulted in guilty verdicts on June 4,

4   1999 on counts 13 through 32, and on counts 36 and 37, with a true finding of "a violation

5   of Penal Code section 667.6(b)." [RT 532-538; RT 538 ("667.6(b)" finding); CT 385

6   (minutes).]   The counts of conviction were as follows:

7               Counts 13 through 31 were section 288(a) violations against Carlos;

8               Count 32 was a section 288.5 count against Carlos;

9               Count 36 was a section 288(a) violation against Angelina, and

10              Count 37 was a section 288.5 count against Angelina. [CT ]

11  4.      The remaining counts had been dismissed prior to the verdict. Counts 1 through 12

12  (alleging 288(a) violations against Carlos A. in 1989) were dismissed by the prosecution on

13  grounds that appellant was a juvenile at the times alleged in those counts. [RT 508; CT 383.]

14   The prosecution also dismissed during trial three counts involving Angelina -- counts 33

15  through 35, being one section 288(b)(1) and two section 288(a) counts. [RT 512-513.]

16  5.      Defendant was sentenced to on March 3, 2000 to a life term plus 66 years. [CT

17  463-464 (minutes); CT 466 (abstract); RT 541-564 (oral pronouncement).]  The sentence

18  consisted of the following:

19              (1) a life term under section 667.61(b) as the punishment for the 288(a)

20              violation charged in count 36;

21              (2) two consecutive 12 year midterms on the section 288.5(a) violations in

22              counts 32 and 37;

23              (3) one 6 year midterm on count 13, charging a section 288(a) violation;

24              (4) 18 consecutive 2-year terms, consisting of one third the midterm for the

25              18 section 288(a) violations alleged in counts 14 through 31.

26

27                            STATE REVIEW PROCEEDINGS

28  6.      The Sixth District Court of Appeal affirmed by an opinion filed July 18, 2003. [CT

2

1   16.]  Defendant filed a timely petition for review, which was denied summarily on October

2   15, 2003. [S 118736.] Defendant filed a petition for a writ of habeas corpus in the state trial

3   court on November 12, 2004.    The petition was granted in part and denied in part by the

4   trial court on September 29, 2006  – i.e, the court vacated the convictions regarding

5   Angelina based on ineffective assistance regarding medical and expert issues.    The

6   prosecution appealed by a timely notice of appeal, and the Sixth District Court of Appeal

7   reversed the partial grant of the habeas petition by an opinion filed October 1, 2007.  (No.

8   No. H030780.)  Defendant filed a timely petition for review per California rule of Court

9   8.25(b) on November 14, 2007 in the California supreme court and the supreme court

10  summarily denied review without comment on January 3, 2008.  (No. S158269.)  The Court

11  of Appeal issued its remittitur  on January 8, 2008, and the trial court entered a new order

12  denying the habeas corpus petition in its entirety on or about January 10, 2008.

13                                          CLAIM ONE

14  7.      Petitioner was denied the effective assistance of counsel and was prejudiced by

15  his counsel's failure to raise at trial the defense of the statute of limitations against the

16  charges involving Carlos.    The information charged  offenses regarding Carlos alleged

17  to have occurred between January 1989 and July 1992.  Evidence at trial showed that no

18  offenses against Carlos occurred after December 1991.    The information was filed in

19  March 1998. The period of limitations for all the offenses was six years (under Penal

20  Code section 800).    Thus, measured by the face of the information, all of the Carlos

21  offenses were beyond the standard limitations period at the time the information was

22  filed, except for one count (i.e, count 32, a charge of continuous abuse under section

23  288.5, spanning a period ending July 31, 1992.) Measured by the evidence at trial that

24  showed that the last offense in fact occurred in December 1991, all of the offenses,

25  without exception, were beyond the limitations period at the time the information was

26  filed.  The only basis for finding the prosecution timely was therefore by application of

27  the revival provisions in Penal Code section 803(f) or section 803(g).  Had defense

28  counsel raised the limitations defense, it is more likely than not that he would have

                                              3

1   succeeded in defeating these allegations.  Under section 803(f), the prosecution's burden
2   was to show that at least one offense had occurred within the ordinarily applicable
3   limitations period of section 800 – which, given the fact that the trial evidence showed
4   that the last offense occurred in December 1991, more than six years before the filing of
5   the information, the prosecution could not have done.  Hence, the prosecution could not
6   be shown to be timely under section 803(f).  Under section 803(g), the prosecution's
7   burden would have been to show that the evidence of offenses against Carlos was
8   corroborated by "clear and convincing evidence."  Because counsel never raised the
9   statute of limitations defense, the prosecution was never put to the burden of establishing
10  clear and convincing evidence in corroboration.  The prosecution would have been
11  unable to meet that burden.  There was corroboration by any physical evidence, by any
12  admissions by defendant, or  by incriminating conduct by defendant.  Although the court
13  of appeal, on review, found sufficient evidence to support a finding that there had been
14  corroboration (based on the separate evidence of offenses against Angelina  and general
15  circumstantial evidence showing the family friendship and home visits by Carlos to
16  petitioner's home) that is not sufficient  A California reviewing court cannot and does
17  not apply a standard of "clear and convincing" evidence on review, but can determine
18  only the separate matter of whether there is "sufficient evidence" to support a finding
19  under a clear and convincing standard.  (9 Witkin, Cal. Proc. 4th (1997) Appeal, § 365,
20  p. 415.)  In fact, there was no clear and convincing evidence to corroborate Carlos'
21  allegations, and the state court of appeal's holding was not a resolution or determination
22  on that standard.  Petitioner was therefore prejudiced by counsel's failure ever to raise
23  the statute of limitations defense.  Timely raised, this issue would have resulted in a
24  finding that there was no adequate corroboration and a finding in favor of petitioner on
25  the statute of limitations defense to the charges involving Carlos.

26                                          CLAIM TWO

27  8.      Petitioner was denied his right to confrontation and his right to be personally present
28  at trial under the Sixth Amendment and the Due Process Clause of the 14th Amendment by

4

1   the taking of testimony from petitioner's accuser, Carlos A., in petitioner's absence and by
2   telephone without petitioner's consent. During the defense case, defense counsel informed
3   the court on the record that he wished to recall Carlos. [RT 458-461.]   After a recess, the
4   judge, defense counsel and the prosecutor assembled in chambers. Defendant was not
5   present.    Defense counsel informed the court that defendant was not present because
6   defendant had been mis-informed by defense counsel: i.e,.   counsel stated he had
7   erroneously told defendant, who was out of custody, to be present for a 2:00 p.m. chambers
8   conference, but the proceedings were in fact being resumed at 11:00 a.m.   [RT 466.]
9   Counsel, Mr. Guzetta, purported to waive defendant's presence and the court accepted that
10  waiver and proceeded in defendant's absence. [RT 466.]    In defendant's absence, a
11  telephone call was placed to Carlos and Carlos was questioned over the phone. [CT 379;
12  RT 466-469.]   The questioning concerned statements that had been made by Carlos in
13  which Carlos gave an explanation to examining doctors regarding apparent fresh injuries
14  to his anus (in which Carlos said that he had inserted a broom handle into his anus five or
15  six times starting in June or July 1997.) [RT 466-468.] This procedure violated defendant's
16  rights of confrontation and personal presence, and it was prejudicial.   First, Confrontation
17  under the Sixth Amendment was denied with respect to face to face confrontation and with
18  respect to the trier of fact's opportunity to observe the accuser's demeanor. (*Maryland v.*
19  *Craig* (1990) 497 U.S. 836; *Snyder v. Massachusetts* (1934) 291 U.S. 97, 106; *Coy v. Iowa*
20  (1988) 487 U.S. 1012; *California v. Green* (1970) 399 U.S. 149, 175; *Pennsylvania v.*
21  *Ritchie* (1987) 480 U.S. 39, 51; *Mattox v. United States* (1895) 156 U.S. 237, 242-243.)
22  Second, defendant's federal constitutional right to be personally present at all stages of the
23  trial under the Sixth Amendment and his right to due process was also violated, in that this
24  was a proceeding in which the court received evidence against defendant and clearly had a
25  substantial relation to the fullness of his opportunity to defend against the charge. (*Illinois*
26  *v. Allen*, 397 U.S. 337 (1970); *Lewis v. United States*, 146 U.S. 370 (1892); *Hamdan v.*
27  *Rumsfeld*, 548 U.S. __, 126 S.Ct. 2749, 165 L.Ed.2d 723 (2006).) Petitioner was prejudiced.
28  Petitioner alleges that cross examination of Carlos in petitioner's presence would have

5

1  shown that Carlos was deliberately deceptive and perjuring himself in his testimony on this
2  subject, thereby demonstrating that Carlos' testimony was unworthy of belief in all of its
3  particulars. Petitioner would accordingly have obtained a different and more favorable
4  result on all the counts involving Carlos.

5                                    CLAIM THREE

6  11.    Petitioner was denied his Sixth Amendment right against ex post facto punishment
7  by the imposition of a life term on the basis that he had been convicted in the present case
8  of specified sex offenses against more than one victim under Penal Code section 667.61.
9  An allegation seeking a life term under Penal Code section 667.61(b) was orally added to
10 charging document during trial, was found true by the court, and resulted in a life term being
11 imposed. [RT 506, CT 383 (amendment); RT 538, CT 385 (finding); CT 463 RT 3/3/2000,
12 pg. 36 (sentence).]    This application of section 667.61 violates ex post facto principles.
13 The applicable provision of the statute here provides for a life term when "the defendant
14 has been convicted in the present case or cases of committing an offense specified in
15 subdivision (c) against more than one victim." (Section 776.61(e)(5).) The resulting life term
16 is to be imposed in place of, and instead of, the punishment that would otherwise apply to
17 the facts that supply the basis for the section 667l.61 life term. That is, section 667.61(f)
18 states that the "circumstances" necessary to invoke the life term shall be "used" for that
19 purpose and not used to impose punishment under any other law. Thus, in this case, the
20 section 667.61 life term has to be based on one Carlos count and on one Angelina count, and
21 the statute requires that the life term must replace the punishment that would otherwise be
22 imposed for those two counts. This 'multiple victim' factor is improper here under ex post
23 facto principles. All the Carlos offenses occurred in 1990 and 1991. (See, Counts 13-31,
24 the section 288(a) counts involving Carlos.) Section 667.61 was not enacted until 1994, and
25 it did not go into effect until 1995. (See, Stats. 1994, c. 447, § 1.) Using those old offenses
26 to trigger the later-enacted and harsher sentencing rules of 667.61 is an ex post facto
27 violation. (*Beazell v. Ohio* (1925) 269 U.S. 167, 169.)  Hence, the punishment for the
28 Carlos offenses, at the time they were committed, was governed by section 288 (a 3-6-8 year

6

1  term) and 1170.1 and 667.6 (concerning possible consecutive sentencing). Imposition of
2  life sentences therefore constitutes an ex post facto violation.

3  ### CLAIM FOUR

4  12.    Petitioner was denied his right to the effective assistance of counsel by his attorney's
5  failure to investigate, prepare, and challenge medical testimony.    Counsel failed to
6  investigate and prepare for medical testimony offered by the prosecution for the purpose of
7  corroborating the allegations of the alleged victims and therefore failed to present
8  effectively cross-examine medical testimony to challenge the prosecution's witness, as
9  would have been done by competent counsel. With respect to the alleged victim Carlos, the
10  prosecution presented testimony from a Dr. Angela Rosas, who testified that she found
11  marks on Carlos' anus that were "likely" from penetrations and were "consistent with" the
12  alleged molestations by petitioner. [RT312-313, 315, 318.]    With respect to the alleged
13  victim Angelina, the prosecution presented testimony from a Dr. Kerns that in his opinion
14  Angelina's hymen showed signs of multiple penetrating trauma. [RT 29-32.]  Defense
15  counsel failed to obtain Dr. Rosas' reports prior to trial or to object when they were untimely
16  produced at the time of her testimony. [RT 319, 459.]  He also failed to obtain notes or
17  photographs from any of the examinations and failed to consult with any medical expert of
18  his own. (CT from the Habeas Corpus proceedings, Exh. 3, declaration of John Halley.)
19  As a result of these failures, defense counsel failed to present exculpatory medical opinion
20  that would have been developed by reasonably competent and diligent defense counsel.

21  13.    With respect to Angelina, Dr. James Crawford, medical director at the Center for
22  Child Protection at Children's Hospital in Oakland, who has conducted thousands of child
23  abuse examinations and has testified three or four hundred times in such cases (RT-HAB
24  98-99) has stated that he believes that the findings of Dr. Kern regarding Angelina were
25  faulty, for several reasons, i.e., that the hymenal opening measured by Dr. Kern was in fact
26  within normal ranges (Id., 108); that Dr. Kern's interpretation of the alleged width of the
27  hymenal rim was a kind of interpretation that has "historically caused great concern" and
28  that "most of us are very reluctant" to reach such interpretations (Id., RT 110); that in any

7

1   event, this alleged finding his made in about 20% of non-abused children and is therefore
2   not indicative of abuse. (Id, RT 112). Also with respect to Angelina, Dr. Lee Coleman, a
3   medical doctor and psychiatrist, has stated that in his opinion, Dr. Kern's conclusions
4   about the "hymenal rim" were not reliable owing to difficulty of accurate measurement
5   51-52, 60. and was based on an invalid theory.

6   14.   With respect to Carlos, both Dr. Crawford and Dr. Coleman concluded that the
7   conclusions drawn by the prosecution experts were faulty. Both defense experts concluded
8   that it was erroneous to identify any of the marks on Carlos' anus as related to scarring, and
9   both concluded that all none of the findings supported a finding that there had anything
10  other than recent trauma to Carlos' anus, and both concluded that it was erroneous to
11  attribute any of the findings to the possibility of abuse occurring in the time frame that was
12  relevant to the charges against petitioner regarding alleged abuse six years prior to the
13  examination of Carlos.

14  15.   Trial counsel was ineffective for failing to secure favorable medical evidence, and
15  petitioner was prejudiced by that failure. The unchallenged prosecution medical evidence
16  provided powerful, though illusory, support to the apparent truth of the charges against
17  petitioner. Competent presentation of expert testimony on behalf of the defense would have
18  resulted in verdicts of acquittal on all counts.

19                                   CLAIM FIVE

20  16.   Petitioner was prejudiced by counsel's failure to impeach Carlos with his own prior
21  statement to investigators that contradicted his testimony about the number of molests.
22  Carlos testified at trial that petitioner had molested him many dozens of times (i.e., nearly
23  every weekend for most of four years). [RT 204, 211.] Carlos, however, had initially told
24  investigators that there were a total of 10 to 20 offenses. Counsel failed to present this
25  prior inconsistent statement. This failure by counsel was unreasonable and prejudicial.
26  Petitioner was convicted of 20 counts, requiring a minimum of 22 offenses, against Carlos
27  (i.e., 19 section 288(a) offenses and three acts to support the "continuing abuse" charge
28  under section 288.5). If the total number of molests was only 10 to 20, most of the

                                        8

1    convictions regarding Carlos would be without support (especially since the time frame

2    claimed by Carlos covered more than a year in which petitioner was a minor and could not

3    be convicted of any crime).    If there were only 10 to 20 offenses, and only about half of

4    those occurred in petitioner's majority, there would be grounds for only 5 to 10 convictions.

5    Hence, petitioner was prejudiced by the failure to impeach Carlos with this prior statement.

6

7                                          CLAIM SIX

8

9    9.    Trial counsel acted unreasonably and petitioner was prejudiced by trial counsel's

10    failure to competently impeach Carlos at trial.    Trial counsel was aware at the time of

11    trial that Carlos himself had been accused of molesting children, including his sister

12    Angelina. Defense counsel made references during a pretrial hearing and during the in

13    limine proceedings at trial to the fact Carlos was accused of molesting Angelina. [RT

14    7/13/98, pg. 4, RT 24-25.] During trial, counsel was given medical records concerning

15    Carlos that contained a reference to the fact that Carlos had admitted molesting five

16    children including Angelina. [RT 319, 459.] Counsel was also aware during trial that

17    Carlos was residing in a home for juvenile sex offender perpetrators. [RT 6.] Counsel

18    never used this material during trial. Counsel never raised any of these issues with

19    Carlos. He did not seek to impeach him with juvenile adjudications, commission of

20    moral turpitude conduct, pending charges, probation status, or any other aspect of this

21    subject matter. Counsel did not have a tactical basis for failing to do so. On the

22    contrary, counsel on the first day of trial orally stipulated not to ask if Carlos had

23    molested Angelina [RT 24-25] but he later during trial stated that he did not remember

24    making such a stipulation [RT 241-242] and he even denied having been aware that

25    Carlos had been accused of molesting Angelina. [RT 241-242.] Counsel's failure to

26    impeach Carlos was therefore un-informed and non-tactical. It was also prejudicial.

27    Carlos' credibility was absolutely necessary to secure conviction. If challenged with the

28    available impeachment material that was known to counsel and available through

1    discovery concerning his own criminal conduct and troubles, his credibility would have

2    been damaged and unable to support conviction.

3

4                               **PRAYER**

5          WHEREFORE, petitioner prays that this court grant petitioner relief to which he

6    is entitled in this proceeding.

7

8          I, John Halley, am petitioner's counsel herein and I verify under penalty of perjury

9    that the forgoing is true and correct.

10

11    Dated: _3/6/08_____

12                                           JOHN A. W. HALLEY, Attorney
                                                 for Petitioner, Adam Torrez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, _____JOSEPH   G-  HAYES_____, a citizen of the U. S., over the age of 18 years, and not a party to this action. My business address is:

_____

On **March 6, 2008**, I served the documents indicated by:

__X__ personally hand delivering copies of the documents to the addresses indicated below

_____ placing them in the US mail, prepaid first class, at Redwood City, CA, addressed to the persons indicated below

_____ transmitting them by fax to the phone numbers shown below

CALIFORNIA ATTORNEY GENERAL
455 GOLDEN GATE AVENUE, # 11000
SAN FRANCISCO, CA 94102

The document[s] served is/are:

**PETITION FOR WRIT OF HABEAS CORPUS**

Executed at _____SAN  FRANCISCO_____, California on **March 6, 2008.** I declare the foregoing to be true and correct under penalty of perjury.