IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ADAM TORREZ,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL MARTEL, Warden,<br><br>    Respondent. | NO. C08-1309 TEH<br><br>ORDER DENYING MOTION TO STAY AND GRANTING MOTION TO AMEND |

This matter came before the Court on February 22, 2010 on the motion for stay of proceedings and motion to amend petition filed by Petitioner Adam Torrez ("Petitioner"). For the reasons set forth below, Petitioner's motion to stay is DENIED, and his motion to amend the petition is GRANTED.

**BACKGROUND**

Petitioner, on June 4, 1999, was convicted of twenty counts of lewd or lascivious acts involving a child, and two counts of continuous sexual abuse of a child, following a bench trial before the Honorable Marilyn Zecher of Santa Clara County Superior Court. The court found that Petitioner had abused two minor children, Carlos and Jane,[1] who were frequent

---

[1] Respondent refers to the minor female as Jane Doe; Petitioner refers to her by her actual name. This Court will refer to her as Jane.

guests at the home where Petitioner resided with his family. On March 3, 2000, Petitioner was sentenced to a life term plus 66 years. His conviction was affirmed by the California Court of Appeal on July 18, 2003, and the California Supreme Court summarily denied his petition for review on October 15, 2003.

Petitioner filed a petition for writ of habeas corpus in Santa Clara County Superior Court on November 12, 2004. Following an evidentiary hearing, that court granted the writ and ordered a new trial as to the two counts regarding Jane, based on trial counsel's failure to call experts to rebut the prosecution's medical expert testimony. The petition was denied as to the other twenty counts, for the abuse of Carlos. Petitioner did not appeal the partial denial of habeas relief. However, the prosecution appealed the partial grant of relief to the California Court of Appeal, which reversed and remanded, finding the record insufficient to establish the deficiency of trial counsel's conduct. Petitioner sought review from the California Supreme Court, which denied review on January 3, 2008.

Petitioner filed a petition for writ of habeas corpus with this Court on March 6, 2008, bringing six claims for relief. Six days later, the Court ordered Respondent to show cause why the writ should not be granted. Respondent answered on September 8, 2008, and Petitioner replied on October 20, 2009.[2] In his Answer, Respondent argued that Petitioner failed to exhaust state remedies for his claims one, five, and six, and only partially exhausted his fourth claim. Petitioner, in Reply, only addressed claims two, three, and four, appearing to have abandoned the three claims that Respondent contended were entirely unexhausted.

On November 16, 2009, Petitioner filed a petition for writ of habeas corpus before the California Supreme Court in an effort to exhaust the unexhausted portion of claim four. He then moved this Court to stay this action pending the exhaustion of claim four, and to grant

---

[2] Respondent was granted three enlargements of time before filing his Answer. The Court granted Petitioner nine extensions to file his Reply, ultimately setting an October 6, 2009 deadline and providing that "NO further extensions shall be granted by this Court." 9/9/09 Order. Petitioner filed a tenth motion for extension of time one day after the final deadline for filing the Reply. The Court issued an order to show cause why sanctions should not be imposed against Petitioner's counsel for his failure to follow the Court's order. Petitioner's Reply was filed six days later. The order to show cause was discharged on November 16, 2009, without the imposition of sanctions against Petitioner's counsel.

him leave to amend the petition to delete claims one, five, and six, which he acknowledged to be unexhausted. Respondent opposed the motion to stay, and did not respond to the motion for leave to amend.

**LEGAL STANDARD**

The exhaustion doctrine demands that a state prisoner "exhaust his remedies in state court" before a federal court may grant habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1) (codifying exhaustion doctrine). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. When a federal petition for habeas corpus contains "some claims that have been exhausted in the state courts and some that have not," it is considered "mixed." *Rhines v. Weber*, 544 U.S. 269, 271 (2005).

The Supreme Court's guidance to district courts regarding the treatment of mixed petitions has evolved since the imposition of a one-year statute of limitations on federal habeas petitions in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Before AEDPA, the Court required district courts to "dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Once AEDPA had been enacted, however, "the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement" put those who file mixed petitions in federal court at "risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275. "If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review." *Id.*

In light of these problems, the Supreme Court endorsed a "'stay-and-abeyance' procedure" under which "a district court might stay the petition and hold it in abeyance while

3

the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines*, 544 U.S. at 275. To protect AEDPA's "twin purposes" of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief from state courts, stay and abeyance is available "only in limited circumstances." *Id.* at 277. A district court may allow stay and abeyance when (1) it "determines there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner has not engaged "in abusive litigation tactics or intentional delay." *Id.* at 277-78. Where those three conditions are met, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." *Id.* at 278.

A mixed petition may also be salvaged by amending the petition to delete the unexhausted claims. The Ninth Circuit has "long held that a federal habeas petitioner has a right to amend a mixed petition to delete unexhausted claims as an alternative to suffering a dismissal." *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). "[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal." *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).

**DISCUSSION**

**I.    Motion to Stay**

Petitioner seeks to stay this proceeding pending the exhaustion of the unexhausted portion of his fourth claim in state court. A stay can only be granted if there was good cause for Petitioner's failure to exhaust, the unexhausted claim is potentially meritorious, and he is not guilty of undue delay. *Rhines*, 544 U.S. at 275. Petitioner's motion to stay falters at the first step. Good cause does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), but must be assessed "in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances,'" *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). The circumstances presented here do not surpass that bar.

4

Petitioner's counsel, John Halley, provides no explanation or justification for the failure to exhaust. When explicitly asked about "good cause" at hearing, Mr. Halley referred the court back to his affidavit, which reviews the procedural history of the post-conviction proceedings and provides that "Petitioner Mr. Torrez himself has not been guilty of a lack of diligence or of dilatory tactics." Halley Affidavit (Dkt. 37-1), ¶ 6. To the extent that Mr. Halley attempts to derive good cause from Petitioner's reliance on counsel, that is insufficient. *See Wooten*, 540 F.3d at 1024 ("[I]f the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"). Although he argues in the motion that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court," Petitioner never contends that any such confusion was present here. Mot. to Stay (Dkt. 37) at 3. Furthermore, it would be disingenuous to characterize the federal petition as "protective," *see Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005), as it was filed only *after* the first state habeas petition had reached the California Supreme Court.

Examination of a petitioner's failure to exhaust is "proper, and indeed, necessary, under *Rhines*." *Jackson*, 425 F.3d at 661-62. Petitioner has been represented by the same counsel through every stage of appeal and habeas corpus, and could have fully exhausted the fourth claim by appealing the superior court's denial of habeas relief with respect to the Carlos charges. Petitioner has failed to demonstrate good cause for this lapse. His motion to stay is therefore DENIED, and the portion of claim four relating to Carlos is DISMISSED for failure to exhaust.

//

//

//

5

## II. Motion to Amend Petition

Petitioner moves to amend the petition to delete his claims one, five, and six, which Respondent contends – and Petitioner acknowledges – were never exhausted at the state level. Respondent does not object to such an amendment, which is proper to avoid the dismissal of a mixed petition. *See James*, 221 F.3d at 1077. Petitioner's motion to amend the petition is therefore GRANTED. Petitioner SHALL amend the petition by deleting claims one, five, and six, and renumbering claims two and three – and the exhausted portion of claim four – as claims one, two, and three, respectively. The amended petition SHALL be filed no later than March 1, 2010.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to stay is DENIED, and the portion of claim four relating to the Carlos charges is DISMISSED for failure to exhaust. Petitioner's motion to amend is GRANTED, and the amended petition SHALL be filed by March 1, 2010.

**IT IS SO ORDERED.**

Dated: 2/24/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

6